**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **RUTH BUZI, Ph.D.** | **§** | |
| | **§** | |
| **Plaintiff,** | **§** | |
| | **§** | |
| **v.** | **§** | **Civil Action No.: 4:18-CV-03753** |
| | **§** | |
| **BAYLOR COLLEGE OF MEDICINE,** | **§** | |
| | **§** | |
| **Defendant.** | **§** | |

**DEFENDANT'S MOTION TO COMPEL**
**PLAINTIFF'S COMPLETE DISCOVERY RESPONSES**

Defendant Baylor College of Medicine ("Baylor" or "Defendant") files this Motion to Compel, and respectfully requests that this Court compel Plaintiff to provide complete responses and documents to Defendant's written discovery requests as set forth herein, and pay its reasonable expenses and attorneys' fees incurred in making this Motion, pursuant to Federal Rule of Civil Procedure 37(a).

# TABLE OF CONTENTS

I. BACKGROUND ..... 1
II. ISSUE AND STANDARD OF REVIEW ..... 2
III. ARGUMENT AND AUTHORITIES ..... 2
A. Interrogatories ..... 3
1. Unverified Interrogatory Answers ..... 3
2. Interrogatory No. 3: Medical History ..... 3
3. Interrogatory No. 5: Itemization of Damages ..... 5
4. Interrogatory No. 6: Employment History ..... 6
B. Requests For Production ..... 7
1. Request Nos. 1-131, and 134 ..... 7
2. Request No. 133: Relevant Social Media Postings ..... 8
3. Request No. 139: Plaintiff's Relevant Personal Notes, Recordings, or Similar Documents ..... 9
4. Request No. 143: Plaintiff's Resumes ..... 10
5. Request Nos. 142, 160, and 161: Income Tax Filings and Social Security Administration Records (2012-2018) ..... 10
6. Request No. 158: Emails Related to Plaintiff's Claims ..... 12
7. Request Nos. 163-164: Medical Record Authorizations ..... 12
C. Award of Expenses ..... 13
IV. CONCLUSION ..... 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abraham v. Cavender Boerne Acquisition of Texas, Ltd.*,
2011 WL 13127173 (W.D. Tex. Apr. 26, 2011)....9

*Burns v. Thiokol Chem. Corp.*,
483 F.2d 300 (5th Cir. 1973) ....2

*EEOC v. Simply Storage Mgmt., LLC*,
270 F.R.D. 430 (S.D. Ind. 2010)....9

*Ferrell v. Brick*,
678 F. Supp. 111 (E.D. Pa. 1987) ....5

*Garrett v. Sprint PCS*,
2002 WL 181364 (D. Kan. Jan. 31, 2002)....4

*Gragossian v. Cardinal Health, Inc.*,
2008 WL 11387063 (S.D. Cal. Jul. 21, 2008) ....6

*Hanks v. Zenner*,
2000 WL 1281321 (W.D. La. June 30, 2000) ....11

*Heller v. City of Dallas*,
303 F.R.D. 466 (N.D. Tex. 2014) ....7

*Lind v. Canada Dry Corp.*,
283 F. Supp. 861 (D. Minn. 1968)....11

*McKnight v. Blanchard*,
667 F.2d 477 (5th Cir. 1982) ....12

*McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*,
894 F.2d 1482 (5th Cir. 1990) ....4

*Moore v. Chertoff*,
2006 WL 1442447 (D.D.C. May 22, 2006)....4

*Mumfrey v. CVS Pharmacy, Inc.*,
2011 WL 13196442 (E.D. Tex. Aug. 10, 2011) ....8

*In re Norplant Contraceptive Prods. Liab. Litig.*,
170 F.R.D. 153 (E.D. Tex. 1996)....11

*Plumbers & Pipefitters Local 572 Pension Fund v. Cisco Systems, Inc.*,
2005 WL 1459555 (N.D. Cal. June 21, 2005)....8

*Reid v. Ingerman Smith LLP*,
2012 WL 6720752 (E.D.N.Y. Dec. 27, 2012) ....9

*Robinson v. Jones Lang LaSalle Ams., Inc.*,
2012 WL 376545 (D. Or. Aug. 29, 2012)....9

*S.E.C. v. Brady*,
238 F.R.D. 429 (N.D. Tex. 2006) ....4

*Sanchez v. U.S. Airways, Inc.*,
202 F.R.D. 131 (E.D. Pa. 2001)....4

*Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*,
685 F.3d 486 (5th Cir. 2012) ....2

*Smith v. Logansport Cmty. Sch. Corp.*,
139 F.R.D. 637 (N.D. Ind. 1991)....13

*St. Regis Paper Co. v. United States*,
368 U.S. 208 (1961)....11

*Thai v. Miller Truck Lines, Inc.*
2006 WL 2349605 (W.D. La. Aug. 11, 2006)....11

*Thomas v. Deloitte Consulting L.P.*,
2004 WL 1372954 (N.D. Tex. 2004)....11

*Walker v. Nw. Airlines Corp.*,
2002 WL 32539635 (D. Minn. Oct. 28, 2002) ....6

*Young v. United States*,
149 F.R.D. 199 (S.D. Cal. 1993) ....11

**Statutes**

FED. R. CIV. P. 26(b) ....4

FED. R. CIV. P. 26(b)(1) ....2, 3

FED. R. CIV. P. 33(b) ....3

FED. R. CIV. P. 34....12

FED. R. CIV. P. 37(a)(1)....3, 12, 13

FED. R. CIV. P. 37(a)(3)....2

FED. R. CIV. P. 37(a)(5)....3, 14

# I.
# BACKGROUND

Plaintiff filed her Original Complaint on October 10, 2018, alleging national origin discrimination and retaliation in violation of Title VII of the Civil Rights Act. *See* Doc. No. 1. Plaintiff has been employed by Baylor since 1993, and is currently working as an Associate Professor in Baylor's Obstetrics and Gynecology Department. Baylor denies these allegations. *See* Doc. No. 7, Answer.

On May 9, 2019, Baylor served its First Set of Interrogatories and Request for Production. *See* Exhibit A, Discovery Requests to Plaintiff. At Plaintiff's attorney's request, Baylor provided Plaintiff with two extensions of time to serve her responses. On June 26, 2019, Plaintiff served her responses to Baylor's discovery requests. *See* Exhibit B, Plaintiff's Discovery Responses. Plaintiff's interrogatory responses, however, failed to include any substantive information, and instead were riddled with baseless, boilerplate objections. *See id.* Moreover, in response to Defendant's 164 Requests for Production, Plaintiff produced only a copy of her EEOC Charge of Discrimination. *See id.*

Despite these blatant attempts to withhold discovery, Defense counsel has patiently and repeatedly asked Plaintiff's counsel to correct these deficiencies in an effort to avoid wasting judicial resources. Specifically, on July 3, 2019, defense counsel sent a letter to Plaintiff's counsel, asking that Plaintiff supplement her responses with the requested information by Friday, July 12. *See* Exhibit C, 7/3/19 Letter. <u>Receiving no response</u>, defense counsel followed-up with an email on July 26, 2019, indicating that if information and documents were not produced, a motion to compel would be filed. *See* Exhibit D, 7/26/19 Email. Plaintiff's counsel responded on July 31, 2019, indicating that "additional documentation to supplement" would be provided later the same day. *See* Exhibit D, 7/31/19 Email. Defense counsel followed-up again on August 1, 2019 when

no further responses were provided and no further documentation was produced. *See* Exhibit D, 8/1/19 Email. Finally, on August 6, 2019, Plaintiff's counsel produced 88 pages of documents. However, these were woefully inadequate to resolve the deficiencies in Plaintiff's responses to the Requests for Production. Plaintiff did not even attempt to resolve the deficiencies in Plaintiff's Interrogatory responses. Consequently, Baylor now seeks relief from the Court on these discovery issues.

## II.
## ISSUE AND STANDARD OF REVIEW

The issue for this Court is whether Plaintiff should be compelled pursuant to Rule 37(a) to further respond to Baylor's interrogatories and requests for production as set forth herein. A party may be compelled to further respond to discovery requests, if the party fails to answer an interrogatory under Rule 33, or if the party fails to produce documents as requested under Rule 34. *See* FED. R. CIV. P. 37(a)(3). The Court's decision is subject to an abuse of discretion standard. *See Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012).

## III.
## ARGUMENT AND AUTHORITIES

The primary purpose of discovery is to "allow the parties to develop fully and crystalize concise factual issues for trial." *Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 304 (5th Cir. 1973). The discovery provisions of the Federal Rules help to "prevent prejudicial surprises and conserve precious judicial energies." *Id.*

The scope of discovery is governed by Rule 26 of the Federal Rules of Civil Procedure. According to Rule 26, discovery may be had of any non-privileged information that is "relevant to the claim or defense of any party." FED. R. CIV. P. 26(b)(1). Moreover, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *Id.* Whether the information sought in discovery will ultimately be admissible at trial is not a

consideration in the analysis. *See* FED. R. CIV. P. 26(b)(1). As shown below, Baylor's requests clearly fall within the ambit of the scope of discovery because they are relevant to Plaintiff's claims and Baylor's defenses.

Where a party has failed to appropriately respond to discovery requests, the other party may move the Court for an order compelling discovery answers and document production from the offending party. *See* FED. R. CIV. P. 37(a)(1). "If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party [] whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5) (emphasis added). As shown below, Plaintiff has failed to appropriately and completely respond to Baylor's discovery requests, despite Baylor's good faith efforts to resolve the disputes at issue, and therefore, Baylor respectfully requests that the Court grant this Motion and award it reasonable expenses, including attorney's fees, which it has incurred in making this Motion.

## A. INTERROGATORIES

### 1. Unverified Interrogatory Answers

Plaintiff failed to execute a verification of her Interrogatory answers, as required by Federal Rule of Civil Procedure 33(b). Therefore, Plaintiff should be compelled to do so.

### 2. Interrogatory No. 3: Medical History

Plaintiff objects to Interrogatory No. 3, which seeks information regarding her medical treatment in the past 10 years, on grounds that it is overbroad, intrusive of her privacy, and not

reasonably calculated to lead to the discovery of admissible evidence.[1] *See* Ex. B, Response to Interrogatory No. 3. These objections are baseless because Plaintiff's medical history is directly relevant to her claim for compensatory damages. Indeed, Plaintiff has put her medical condition at issue by seeking compensatory damages – including for alleged "emotional distress and mental anguish." *See* Doc. No. 1, Complaint, at ¶ 140. Therefore, Baylor is entitled to medical records that reveal whether Plaintiff suffers from medical conditions or illnesses, physical or mental, that would be an independent source of the alleged emotional distress and mental anguish, or whether she has physical manifestations of that emotional distress and mental anguish, which she claims as damages in this case. *See Sanchez v. U.S. Airways, Inc.*, 202 F.R.D. 131, 135 (E.D. Pa. 2001) (agreeing that medical records were relevant because such records may reveal whether the plaintiff "actually suffered emotional distress from [his] termination, or whether [he] sought treatment for unrelated stress, the existence of which would mitigate [his] emotional distress claim" against his employer); *Moore v. Chertoff*, Civil Action No. 00–953 (RWR)(DAR), 2006 WL 1442447, at *2 (D.D.C. May 22, 2006) ("Where a plaintiff alleges emotional distress, a defendant is entitled to explore whether causes unrelated to the alleged wrong contributed to plaintiff's claimed emotional distress, and a defendant may propound discovery of any relevant medical records of plaintiff in an effort to do so.") (collecting cases); *Garrett v. Sprint PCS*, No. 00–2583–KHV, 2002 WL 181364, at *2 (D. Kan. Jan. 31, 2002) (finding that because plaintiff sought damages for mental anguish, the medical and psychological information sought was relevant to both causation and the

---

[1] Plaintiff objects to nearly every discovery request at issue in this Motion by reciting the previous standard for discovery set forth in Rule 26(a) (*i.e.*, that the request is "not reasonably calculated to lead to the discovery of admissible evidence"). This is no longer the appropriate legal rule, so Plaintiff's objections should be overruled for this reason alone. *See* FED. R. CIV. P. 26(b) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…."). Regardless, this is a boilerplate objection, which does not comply with the Federal Rules of Civil Procedure. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990); *S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006).

extent of plaintiff's alleged injuries and damages); *Ferrell v. Brick*, 678 F. Supp. 111, 113 (E.D. Pa. 1987) (allowing full discovery of psychiatric records and medical records in an employment discrimination case where the plaintiff sought damages for mental anguish, reasoning that the employer was entitled to discover and present evidence that other stressful situations in the plaintiff's past personal history contributed to her emotional distress).

To the extent Plaintiff's privacy may be implicated, she may request that the records be produced as confidential pursuant to an agreed protective order, but Plaintiff does not have a legitimate basis to avoid producing information regarding her medical history altogether.[2] Therefore, Plaintiff's objections should be overruled, and she should be compelled to provide the requested information.

3. Interrogatory No. 5: Itemization of Damages

In Interrogatory No. 5, Baylor seeks specific information regarding Plaintiff's alleged damages in this case. Plaintiff responded by directing Baylor to her initial disclosures for a damages calculation, yet her disclosures do not contain any damages calculations. *See* Ex. B, Response to Interrogatory No. 5. Instead, Plaintiff merely asserts that she is "unable to specify her economic damages at this time" because discovery is ongoing. *Id.* Although Plaintiff is entitled to update her damages calculation as discovery progresses, she may not forego her obligation to provide a computation of each category of claimed damages under Rule 26(a)(1)(A)(iii), and in response to Interrogatory No. 5. Therefore, Plaintiff's objections should be overruled, and she should be compelled to provide the requested information regarding her claimed damages.

[2] Subject to her objections, Plaintiff asserts that she will identify individuals with knowledge of relevant facts in her initial disclosures. However, Plaintiff identified no medical providers whatsoever in her initial disclosures.

4. Interrogatory No. 6: Employment History

Plaintiff contends that as a result of Baylor's alleged discriminatory and retaliatory actions, Plaintiff suffered "economic losses for lost wages and benefits." *See* Doc. No. 1, Complaint, ¶ 141. Plaintiff has refused, however, to provide information about her employment history that would allow Baylor to discover her job and earnings history. Despite the fact that Baylor limited its Interrogatory to information regarding Plaintiff's employment history during the 10 year period preceding her employment at Baylor, Plaintiff objects that the Interrogatory is overbroad, intrusive, and not reasonably calculated to lead to the discovery of admissible evidence. *See* Ex. B, Response to Interrogatory No. 6.

These objections are baseless because Plaintiff's work history is relevant to her claim for economic damages, particularly regarding her claim that she was denied a promotion to a tenured faculty position, for three reasons. First, this information is relevant because Plaintiff's claim for economic damages places her prior work history at issue, rendering related documents discoverable. *See Gragossian v. Cardinal Health, Inc.*, Civil No.07CV1818-H(LSP), 2008 WL 11387063, at *4 (S.D. Cal. Jul. 21, 2008) (finding that Plaintiff's claims for economic damages "place[d] records reflecting her prior employment experiences, including her wages, benefits, duties, attendance records, performance evaluations and records of disciplinary action, at issue."). Second, Plaintiff's work history is relevant to her credibility because any discrepancies between her representations to Baylor regarding her work history, which contradict her actual work history, would impinge her credibility. Third, Baylor is entitled to discover whether Plaintiff has raised allegations against her previous employers similar in kind to the allegations she raises in this case, or whether Plaintiff was counseled or disciplined with a prior employer. *See, e.g.*, *Walker v. Nw. Airlines Corp.*, No. Civ.00–2604 MJD/JGL, 2002 WL 32539635, at *2 (D. Minn. Oct. 28, 2002) (reasoning that a plaintiff "cannot hide behind blanket assertions of privacy to avoid legitimate

discovery requests," and that "other types of employment information such as disciplinary records, resumes, and applications may not be admissible at trial, but are reasonably calculated to lead to admissible evidence" and that the employer was "entitled significant latitude in which to discover whether Plaintiff has made similar kinds of allegations against employers in the past and whether he has been the subject of disciplinary action"). Therefore, Plaintiff's objections should be overruled, and she should be compelled to provide the requested information regarding her employment history.

## B. REQUESTS FOR PRODUCTION

### 1. Request Nos. 1-131, and 134

These requests are limited to seeking documents in Plaintiff's possession, custody, or control which support or undermine the *specific* allegations she asserts in her Complaint. Nevertheless, in response to each of these Requests, Plaintiff has "cut-and-pasted" the identical boilerplate objections to more than 100 Requests for Production:

> Objection. This request is seeking "all documents" pertinent to the allegations is vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject thereto, see documents produced.

*See* Ex. B, Response to Request Nos. 1-131, 134. As noted above, these types of boilerplate objections are not permissible under the Federal Rules of Civil Procedure. Moreover, they are prejudicial because they make it impossible for Baylor to know whether responsive documents have actually been produced to the specific request, and even if so, whether Plaintiff is withholding other responsive documents on the basis of her objection. *See Heller v. City of Dallas*, 303 F.R.D. 466, 487 (N.D. Tex. 2014) (denouncing the practice of responding to discovery requests without making clear whether a complete response has been given). If Defendant learns during or after Plaintiff's deposition that responsive documents were not produced, it will be further prejudiced

because it denies Defendant an opportunity to adequately prepare for her deposition, and properly question Plaintiff on information provided in those documents.

Furthermore, Plaintiff's objections are simply meritless. Since Plaintiff chose to make the allegations in her Complaint, Baylor is entitled to discover what documents, if any, she possesses which support or undermine those same allegations. Plaintiff should be able to identify such documents, related to each of the allegations in her Complaint without undue burden, and respond appropriately. *See Plumbers & Pipefitters Local 572 Pension Fund v. Cisco Systems, Inc.*, No. C 01-20418 JW, 2005 WL 1459555, at *6 (N.D. Cal. June 21, 2005) ("There is nothing unusual about a discovery request asking Plaintiffs to produce or identify documents relating to or supporting allegations made in their [complaint] . . . . Defendants are entitled to know the factual basis of Plaintiffs' claims in order to prepare for trial."). Therefore, Plaintiff's objections should be overruled, and she should be compelled to provide the requested documents, if any.

2. <u>Request No. 133: Relevant Social Media Postings</u>

In Request No. 133, Baylor seeks the production of any postings Plaintiff has made to her social networking sites, which relate to her claims in this lawsuit, limited to the period of January 1, 2014 to the present. Again, Plaintiff contends that the Request is overbroad, intrusive, and not reasonably calculated to lead to the discovery of admissible evidence. *See* Ex. B, Response to Request No. 133. These objections fail because the Request is limited to the relevant period of time at issue in this lawsuit, and if Claimant has any social media postings during this timeframe related to the claims asserted, *e.g.*, by posting about the alleged discrimination or retaliation she faced, or the alleged damages she suffered, then Baylor is entitled to discover those postings. Indeed, courts often order production of social media records where those records are related to the case. *Mumfrey v. CVS Pharmacy, Inc.*, No. 1:10-cv-124-TH, 2011 WL 13196442, at *2 (E.D. Tex. Aug. 10, 2011) (ordering information about Facebook content produced where defendant

showed plaintiff was using it to communicate relating to his claims); *Abraham v. Cavender Boerne Acquisition of Texas, Ltd.*, No. SA-10-CA-453-XR, 2011 WL 13127173, at *11 (W.D. Tex. Apr. 26, 2011) (finding social media information relevant in the context of an age discrimination case and rejecting privacy concerns where plaintiff did not demonstrate a specific privacy interest). This would also include any postings related to Plaintiff's claimed damages, *e.g.*, for emotional distress or mental anguish. *See EEOC v. Simply Storage Mgmt., LLC*, 270 F.R.D. 430, 436 (S.D. Ind. 2010) ("Pictures of the claimant taken during the relevant time period and posted on a claimant's profile will generally be discoverable because the context of the picture and the claimant's appearance may reveal the claimant's emotional or mental status."); *Reid v. Ingerman Smith LLP*, No. 12-cv-307, 2012 WL 6720752, at *2 (E.D. N.Y. Dec. 27, 2012) (social activities may be relevant to emotional distress); *Robinson v. Jones Lang LaSalle Ams., Inc.*, No. 12-cv-127, 2012 WL 376545, at *1 (D. Or. Aug. 29, 2012) (reasonable for emotional injury to manifest itself in social media content).

Therefore, Plaintiff's objections should be overruled, and she should be compelled to provide the requested social media postings, if any.

3. Request No. 139: Plaintiff's Relevant Personal Notes, Recordings, or Similar Documents

In Request No. 139, Baylor seeks several types of documents, such as diaries, calendars, or personal notes, which are exactly the types of documents that plaintiffs in employment discrimination cases, like this one, often have related to the claims at issue. Plaintiff objects that the Request is vague, overbroad, and seeks privileged documents. *See* Ex. B, Response to Request No. 139. The Request is not vague, however, because it gives several examples of the types of documents sought, such as diaries, calendars, notes, and recordings. The Request is also not overbroad because it is limited by the scope of the claims Plaintiff has asserted. Baylor is not

interested in the vast majority of Plaintiff's personal documents; instead, Baylor is only requesting those documents where Plaintiff has made entries that relate to her claims, if any. To the extent that this Request would encompass documents protected from disclosure by the attorney-client privilege, Baylor agrees to exclude such documents from the scope of this Request. Otherwise, however, Plaintiff is obligated to search for and produce any responsive documents. Therefore, Plaintiff's meritless objections should be overruled, and Plaintiff should be compelled to produce responsive documents, if any.

4. Request No. 143: Plaintiff's Resumes

Plaintiff objects that this Request, which seeks a copies of Plaintiff's current and past resumes, is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. *See* Ex. B, Response to Request No. 143. Though Plaintiff gives no explanation for why she believes the Request is overbroad, Baylor agrees to limit the Request by seeking only those resumes created by, or on behalf of, Plaintiff between 2015 and the present. Plaintiff's only other objection is misplaced because she has misstated the applicable discovery rule (as explained in footnote 1), and in any event, Baylor is entitled to copies of her resumes because they are a good source of information regarding her work history and experience, as well as how Plaintiff represented such experience, which is at issue in this case (as explained regarding Interrogatory No. 6 above). Therefore, Plaintiff's objections should be overruled, and she should be compelled to produce her resumes during the limited period of time sought: 2015 to the present.

5. Request Nos. 142, 160, and 161: Income Tax Filings and Social Security Administration Records (2012-2018)

In these Requests, Baylor seeks Plaintiff's income tax and Social Security Administration records from 2012 to 2018. To expedite the discovery process, and to ease any burden on Plaintiff in acquiring such documents, Baylor served partially completed authorizations with its discovery

requests in order to obtain these records at its own burden and expense. Nevertheless, Plaintiff objects that these Requests are overbroad, intrusive, and not reasonably calculated to the lead to the discovery of admissible evidence. These objections are meritless. *See* Ex. B, Response to Request Nos. 142, 160, and 161.

"Under federal law, tax returns are generally discoverable where necessary in private civil litigation." *Young v. United States*, 149 F.R.D. 199, 201 (S.D. Cal. 1993) (citing *St. Regis Paper Co. v. United States*, 368 U.S. 208, 82 S. Ct. 289 (1961)). In employment cases, for example, courts have required the production of tax returns because they are a unique source of information about a litigant's reported income, which is relevant to damages for alleged loss of earnings. *See In re Norplant Contraceptive Prods. Liab. Litig.*, 170 F.R.D. 153, 154 (E.D. Tex. 1996) (granting defendants' motion to compel production of social security and IRS records so the defendants could verify plaintiffs' employment history); *Thomas v. Deloitte Consulting L.P.*, 2004 WL 1372954, at *5 (N.D. Tex. 2004) (granting the defendant's motion to compel and recognizing the relevance of signed federal tax returns in an employment-related case); *Hanks v. Zenner*, No. 99-1333, 2000 WL 1281321, at *3 (W.D. La. June 30, 2000) ("Tax returns are a unique source of financial information that contain data not found in other financial materials."); *Lind v. Canada Dry Corp.*, 283 F. Supp. 861, 865 (D. Minn. 1968) (requiring plaintiff to produce income tax returns for at least four years, since plaintiff claimed loss of earnings). The law is the same with respect to records from the Social Security Administration. *See Thai v. Miller Truck Lines, Inc*. C.A. No. 05-1958, 2006 WL 2349605, at *2 (W.D. La. Aug. 11, 2006) (granting defendant's motion to compel tax and social security earnings records authorizations because the "information covered by these authorizations is directly relevant to Plaintiff's claim for damages . . . and the court perceives no undue burden in executing these releases.").

Here, Plaintiff has put her income and earnings history at issue by seeking economic damages, entitling Baylor to information regarding her past income and earnings. Such evidence is not only reasonably calculated to lead to the discovery of evidence relevant to Plaintiff's alleged damages, but also potentially to Baylor's mitigation of damages defense. To the extent that Plaintiff's privacy is implicated, she may seek to produce these records as confidential under the terms of an agreed protective order. Therefore, Plaintiff's objections should be overruled, and she should be compelled to provide the requested tax returns and Social Security Administration records.

6. Request No. 158: Emails Related to Plaintiff's Claims

Plaintiff objects that this Request is "vague" because it seeks emails to or from the "Defendant." *See* Ex. B, Response to Request No. 158. But the term "Defendant" is defined in Baylor's discovery requests to mean Baylor College of Medicine and its employees or agents. *See* Ex. A, Definition No. 8 to the Requests for Production. Plaintiff has already produced certain emails between her and other Baylor employees, which are responsive to this Request. To the extent that Plaintiff has any additional emails sent to any other Baylor employees or agents, which are related to her claims, she is obligated to produce those as well. Therefore, Plaintiff's objections should be overruled, and she should be compelled to completely respond to this Request, or confirm that she is not withholding documents subject to this baseless objection.

7. Request Nos. 163-164: Medical Record Authorizations

In these Requests, Baylor asks Plaintiff to execute authorizations for the release of her medical records. Federal Rules of Civil Procedure 34 and 37 empower federal courts to compel parties to sign written authorizations for the production of medical and psychiatric records. *See* FED. R. CIV. P. 34, 37. Courts have reinforced this authority, particularly when a plaintiff puts her own medical and/or psychiatric health at issue – as Plaintiff has done in this case. *McKnight v.*

*Blanchard*, 667 F.2d 477, 481–82 (5th Cir. 1982) (finding that because the plaintiff's medical condition was put at issue by *his* demands, the court, upon proper motion, could have ordered him to sign such an authorization).

Nevertheless, Plaintiff objects that these Requests are overbroad, intrusive, and not reasonably calculated to lead to the discovery of admissible evidence. *See* Ex. B, Response to Request Nos. 163-164. For the reasons explained above with respect to Interrogatory No. 3, however, Plaintiff has placed her medical history at issue by seeking compensatory damages for emotional distress and mental anguish, entitling Baylor to explore whether causes unrelated to its alleged actions contributed to Plaintiff's claimed distress and anguish. The most expedient and cost-efficient way for this to be accomplished is through the execution of an authorization, so that Baylor can request and obtain copies of Plaintiff's medical records. *Smith v. Logansport Cmty. Sch. Corp*., 139 F.R.D. 637, 649 (N.D. Ind. 1991) (holding that a medical authorization "represents the least expensive and most efficient means of procuring information from medical or counseling providers."). For these reasons, Baylor respectfully requests that the Court compel Plaintiff to provide executed authorizations for the release of her medical records.

### C. AWARD OF EXPENSES

In light of the foregoing, demonstrating that Plaintiff has failed to appropriately respond to Baylor's Interrogatories and Requests for Production, Baylor has filed this Motion to seek relief from the Court, as allowed by Rule 37(a)(1). Baylor has incurred reasonable and necessary expenses, including attorney's fees, as a result of having to seek relief from the Court, which expenses could have been avoided had Plaintiff appropriately responded to Baylor's discovery requests in the first place, or even if Plaintiff had addressed the deficiencies when asked by defense counsel on numerous occasions over the last several months. Because Plaintiff did not, Baylor

respectfully requests that the Court grant this Motion, and award it reasonable expenses, including attorney's fees, which were incurred in making the Motion under Rule 37(a)(5).

**IV.**
**CONCLUSION**

For the reasons stated herein, Defendant Baylor College of Medicine respectfully requests that the Court enter an order compelling Plaintiff to fully respond to Defendant's Interrogatories and Requests for Production as set forth herein, and award Defendant its reasonable expenses, including attorney's fees, incurred in making this Motion under Federal Rule of Civil Procedure 37(a).

Dated: September 17, 2019

Respectfully submitted,

*/s/ Nehal S. Anand*

Nehal S. Anand (Attorney in Charge)
Texas Bar No. 24070600
Federal I.D. No. 1061200
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas
Telephone: 713.951.9400
Facsimile: 713.951.9212
Email: nanand@littler.com

*Of Counsel:*

Luke C. MacDowall
Texas State Bar No. 24104445
Federal I.D. No. 2983511
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, TX 77010
713.951.9400 (Telephone)
713.951.9212 (Facsimile)
Email: lmacdowall@littler.com

**ATTORNEYS FOR DEFENDANT BAYLOR COLLEGE OF MEDICINE**

**CERTIFICATE OF CONFERENCE**

I hereby certify that, via e-mails and other correspondence on July 3, 2019, July 26, 2019, and August 1, 2019, counsel for Defendant conferred with Plaintiff's counsel, Nasim Ahmad, about the relief sought in this motion.

/s/ *Nehal Anand*
Nehal S. Anand

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 17th day of September 2019, a true and correct copy of the foregoing was served and filed using the Court's ECF system and Certified U.S. Mail upon the following counsel of record:

Nasim Ahmad
Ahmad & Capodice, PLLC
24900 Pitkin, Suite 300
The Woodlands, Texas 77386
Facsimile: 281.864.4379

**CM/RRR NO.: 9314 7699 0430 0063 2428 71**

*/s/ Nehal S. Anand*
Nehal S. Anand

4826-8976-7583.4 065635.1017