# EXHIBIT C



**Littler Mendelson, PC**
1301 McKinney Street
Suite 1900
Houston, TX  77010

July 3, 2019

Luke C. MacDowall
713.652.4743 direct
713.951.9400 main
lmacdowall@littler.com

**VIA EMAIL**

Nasim Ahmad
Ahmad & Capodice, PLLC
24900 Pitkin, Suite 300
The Woodlands, Texas 77386
Email:  nahmad@ahmad-capodice.com

Re:   Civil No. 4:18-CV-03753 *Ruth Buzi v. Baylor College of Medicine*, In the United States District Court for the Southern District of Texas, Houston Division

Dear Counsel:

We are in receipt of plaintiff's responses to Defendant Baylor College of Medicine's ("Baylor") First Set of Interrogatories and Requests for Production of Documents, which were originally served on May 9, 2019.  For reasons detailed (in part) below, we believe the responses are woefully inadequate.  This letter will serve as our attempt to confer before filing a motion to compel, if we do not receive adequate responses by Friday, July 12, 2019.

With respect to Baylor's Interrogatories, plaintiff did not provide a single substantive response – other than referring Baylor to information already provided in her initial disclosures.  For example, in response to Interrogatory No. 6, plaintiff failed to provide even the most basic information requested regarding her employment history, despite the fact that such information is unquestionably discoverable in an employment lawsuit.  Similarly, with respect to Baylor's Requests for Production, plaintiff directed Baylor to "see documents produced" in response to the vast majority of Baylor's Requests, referring only to a copy of plaintiff's EEOC Charge, a copy of her Amended EEOC Charge, and the exhibits thereto.  In place of thoughtful and complete responses to these discovery requests, plaintiff instead lodged boilerplate objections, which do not comply with the Federal Rules of Civil Procedure, and make it impossible for Baylor to ascertain whether plaintiff has responsive and discoverable information and documents in her possession, custody, or control.  *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990).  In sum, neither plaintiff's responses nor her objections satisfy her discovery obligations under the Federal Rules of Civil Procedure.

We are particularly disappointed in having to send a deficiency letter in this matter since we provided you with two requested extensions of time to provide the requested information and documents, on June 10 and June 24 respectively.  As a result and as noted above, we intend to seek relief from the Court if adequate responses are not produced.

Nasim Ahmad
July 3, 2019
Page 2

Should you wish to discuss this matter in further detail, please let us know.

Sincerely,

*[signature]*

Luke C. MacDowall

FIRMWIDE:165392957.1 065635.1017